DORA JUNGE, ADMINISTRTRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN F. JUNGE, DECEASED, PLAINTIFF, v. EDITH KING, DEFENDANT.

DORA JUNGE, GENERAL ADMINISTRATRIX OF THE ESTATE OF JOHN F. JUNGE, DECEASED, PLAINTIFF, v. EDITH KING, DEFENDANT.

Decided February 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Heine & Laird* (*M. Casewell Heine*, of counsel).

*Contra, Theodore D. Parsons* (*Theodore J. Labrecque*, of counsel).

PER CURIAM.

There were two verdicts, in two separate actions brought by the plaintiff against the defendant. In one action the plaintiff sued under the Death act, as administratrix *ad prosequendum*, in which action she recovered a verdict for the sum of $6,000 against the defendant, and in the other action she sued the defendant in her capacity of general administratrix of the estate of the deceased, which action resulted in a verdict in favor of the estate for $500, against the defendant. Both actions were tried together.

There was a separate rule to show cause in each case allowed by the trial judge why the verdicts should not be set aside and a new trial granted.

The two grounds urged in the brief of counsel for defendant for setting aside the verdicts are as follows:

1. "The verdict in the action by the administratrix *ad prosequendum* is contrary to the weight of evidence, that the death of John F. Junge was the result of this accident."

2. "The verdict in the action by the administratrix *ad prosequendum*, and in the action by the general administratrix are contrary to the weight of evidence that the accident was the result of the negligence of the defendant."

Taking up first the second ground relied on by defendant for setting aside the verdicts, a careful reading of the testimony discloses that there is no merit in this contention.

There was plenary testimony which warranted the jury in finding that it was solely through the negligent operation by the defendant of her car that caused it to run into the car in which the deceased had been riding, and which car at the time of the impact was standing still.

The first ground urged, by counsel for defendant, that the verdict obtained by the administratrix *ad prosequendum* is contrary to the weight of evidence, that the death of plaintiff's decedent was the result of the accident finds no support from a fair reading of the testimony.

Plaintiff's decedent was forty-two years old at the time he met with his injury, and prior thereto had been a sufferer from asthma and dropsy for a period of ten years.

The accident happened on the 23d day of December, 1927, and the plaintiff's decedent died February 29th, 1928.

There was testimony in the case, that at the time of the accident the steering wheel of the car in which the plaintiff's decedent had been riding was, as a result of the impact, pressed into his stomach with such force "as to bend him double" and of which injury he immediately complained, and further, that the force of the impact was such as to smash the windshield of the car and break the decedent's eye glasses. There was also testimony that two days prior to the happening of the accident the decedent was examined by Dr. Trippe who testified he treated the decedent for cardiac asthma—an asthmatic condition resulting from a chronic heart disease and upon such examination found "there was no more asthma and the heart was functioning perfectly." The doctor gave further testimony tending to show that after the accident the decedent became dangerously ill and the shock suffered by him as a result of the collision "was sufficient to definitely influence the old symptoms and make them very acute and dangerous."

There was also testimony to the effect that after the accident the decedent began to fail rapidly. The medical certificate of cause of death certified "that the cause of death was probably cardian insufficiency."

It is because of that circumstance that it is strenuously urged by counsel for defendant that death was not the proximate cause of the injury. This contention is without substance. In an action under the Death act to recover the pecuniary loss sustained by reason of the wrongful act of the person sued, satisfactory proof that death was the natural and

probable consequence of the wrongdoer's act is sufficient to justify a verdict against him; and such proof was present in the case now under review.

The testimony of Dr. Trippe makes it clear, that the ailment from which the decedent suffered, prior to the accident had yielded to medical treatment and the doctor gives it as his opinion that were it not for the blow in the stomach and the shock suffered by the decedent in the accident the decedent "evidently had years and years ahead of him," and his death at the time it occurred was attributable to the injury received by him as a result of the collision.

Each rule to show cause should be discharged.